UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRELL E. BATTLE,

      Plaintiff,

v.  Case No. 3:19-cv-937-J-34PDB

JESSICA LYNN GARCIA,

      Defendant.
_____

## ORDER OF DISMISSAL

Plaintiff Terrell Battle, a pretrial detainee at the Jacksonville Pretrial Detention Center, initiated this action on August 7, 2019, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Battle names Jessica Garcia, an Assistant State Attorney prosecuting him in an ongoing criminal case, as the sole Defendant. Although not a model of clarity, in his Complaint, Battle asserts he has been unlawfully detained since July 20, 2015, denied his due process and equal protection rights, denied the right to confront his accuser, falsely imprisoned, and maliciously prosecuted because Garcia filed an Information charging Battle with undisclosed crimes but failed to produce for Battle's review a copy of the sworn statement from a material witness Garcia relied on in charging Battle in the Information. Complaint at 4-5. As relief, Battle requests compensatory and punitive damages. Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court

must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of

action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Battle cannot sustain a cause of action against the Defendant.

A § 1983 malicious prosecution claim requires a plaintiff to prove "a violation of his Fourth Amendment right to be free from unreasonable seizures, as well as the elements of the common law tort of malicious prosecution." Zargari v. United States, 658 F. App'x 501, 506 (11th Cir. 2016). The essential elements of a Florida common law malicious prosecution claim include:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

Id. at 506 n.2 (quoting Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994)). Here, the Complaint reflects that Battle is currently awaiting trial. Complaint at 6-7. Accordingly, he cannot satisfy the third prong of Florida's malicious prosecution claim. See Zargari, 658 F. App'x at 506 n.2. As such his § 1983 malicious prosecution claim is due to be denied. Id. at 506. Accordingly, Battle has failed to state a § 1983 claim based on malicious prosecution. Likewise, a § 1983 false imprisonment claim requires a plaintiff

3

to demonstrate that he or she has been detained after it was or should have been known that the plaintiff was entitled to be released. See Cannon v. Macon County, 1 F.3d 1558, 1562-63 (11th Cir. 1993). Here, Battle states he is currently awaiting trial; therefore, Battle has not shown that he is entitled to being released, and his claim of false imprisonment is due to be denied.

As to Battle's remaining arguments, the Court finds that he is attempting to challenge the fact and validity of his confinement; however, such claims are not cognizable in § 1983 proceedings. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (noting that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."). Accordingly, as Battle's claims would invalidate his criminal proceedings, he must seek relief via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Prior to instituting a federal habeas proceeding, Battle must first exhaust all state remedies, after which Battle may then seek a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 if he so desires.

Upon review of the Complaint, it appears that Battle has little or no chance of success on any claims of federal constitutional deprivation against Garcia. The Complaint is due to be denied on the basis of the conclusory nature of Battle's allegations, see

Rehberger, 577 F. App'x at 938, as well as for the reasons articulated above. Therefore, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of August, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-8
c: John Battle #289328

5